**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SETRA YAPPI,<br><br>Plaintiff,<br><br>-against-<br><br>PAYWARD OF NEW YORK, LLC.,<br><br>Defendant. | 26-CV-00256 (JPC) (OTW)<br><br>**ORDER** |

**ONA T. WANG**, **United States Magistrate Judge**:

The Court is in receipt of the proposed order for substitution of attorney filed by Plaintiff Yappi, seeking to substitute Mr. Jacob Yiping Chen as counsel of record in lieu of Ms. Megan Thomas. (ECF 47). Representation of Plaintiff has seemingly been contentious, as Ms. Thomas previously sought to withdraw her representation, (ECF 42), then made representations at the July 28, 2026, Initial Case Management Conference that she would be withdrawing said motion to withdraw, and subsequently filed a letter motion to continue her representation of Plaintiff. (ECF 46). Ms. Thomas's withdrawal has yet to be granted, nor has Mr. Chen filed a notice of appearance pursuant to Local Civil Rule 1.4(a).

The Court has also grown concerned with recent conflicting representations made by Mr. Chen in connection with the motion to conduct Plaintiff's deposition remotely from Thailand. (ECF 49). Prior to the filing of the motion for a remote deposition, Ms. Thomas had indicated Plaintiff's intent to appear in person in New York for their deposition. *See* ECF 50-1 at 2-4 (discussing the need to cancel and rebook Plaintiff's flight due to their grandmother's passing).

Exhibit 1 to the motion is a declaration of Plaintiff Setra Yappi in support of the motion. Plaintiff declared, under penalty of perjury, at **six** different instances in the declaration that they work in Thailand: (1) "I currently live and **work** in Bangkok, Thailand"; (2) "Traveling from Bangkok to New York for an in-person deposition would impose a substantial financial and **professional burden** on me"; (3) "I would need to take seven days **away from work**."; (4) "Taking that amount of time **away from work** would require me to use most or all of my available leave and significantly **disrupt my ability to work** during the time I am in New York; (5) "[T]he **professional consequences of missing multiple days of work**, would be a significant personal hardship for me."; and (6) "I request only that it be conducted by videoconference so that I can provide complete testimony without incurring the substantial expense, **work disruption**..." (ECF 49-1 at ¶¶ 2, 3, 4, 5, 10, 14) (emphasis added). The amended declaration, submitted two days later, sought a remote deposition for financial hardship and described Yappi as not being "gainfully employed" and "relying on their savings to meet ordinary living expenses." (ECF 51-1 at ¶ 4). Yappi attributes this error due to a "miscommunication between [Yappi] and their counsel," and that the declaration was signed "without first reading it." *Id.* at ¶ 3; ECF 51 at 1.

Prior to a ruling on the motion for a remote deposition, the parties must address the issue of Yappi's legal representation. If Ms. Thomas is seeking to renew her request to withdraw as counsel, she is directed to comply with the Local Civil Rule 1.4(b) and make a renewed motion for withdrawal by **September 4, 2026**. She is permitted to file under seal any information in support of her withdrawal.

Mr. Chen is directed to file a letter by **August 28, 2026**, under seal if necessary, explaining how this blatant misrepresentation to the Court came about. The Court will assess whether further briefing for sanctions under Rule 11 is appropriate at that time. (*See* ECF 52)[1].

Ms. Thomas is directed to serve this Order and serve ECF Nos. 50 and 52 on Plaintiff, and file proof of such service on the docket by **August 31, 2026**.

**SO ORDERED.**

*s/ Ona T. Wang*

Dated: August 26, 2026
New York, New York

**Ona T. Wang**
United States Magistrate Judge

[1] Defendant's complaints are not "histrionic," as Mr. Chen asserts. (ECF 51 at 1). This degree of "miscommunication" between a client and their new counsel is concerning. That Plaintiff signed a declaration allegedly without reading it is concerning, but if Plaintiff knowingly submitted or provided incorrect information to their counsel if even more concerning.