**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

SETRA YAPPI,

Plaintiff,

-against-

PAYWARD OF NEW YORK, LLC.,

Defendant.

---------------------------------------------------------------x

26-CV-00256 (JPC) (OTW)

**ORDER**

**ONA T. WANG**, **United States Magistrate Judge**:

On August 26, 2026, I ordered Plaintiff's Counsel Ms. Thomas, and proposed Plaintiff's counsel, Mr. Chen, to elaborate on the communications with Plaintiff Setra Yappi that lead to conflicting declarations submitted to the Court. (ECF 53). The Court has since received Mr. Chen's sealed response (ECF 54) as well as Plaintiff's letter motion to substitute attorney with supporting memorandum from Ms. Thomas[1]. (ECF 58).

The present record does not permit the Court to resolve Plaintiff's motion to substitute counsel. In particular, the Court finds Mr. Chen's explanation—that his inaccurate representations resulted from a "mistaken" recollection—to be inadequate. (ECF 53). The explanation does not identify with sufficient specificity the basis for the representations made to the Court, the communications on which Mr. Chen relied, or the steps counsel took to verify

[1] In her declaration submitted in support of the motion for substitution of attorney, Ms. Thomas states, "On August 6, 2026, the parties stipulated to, **and the Court ordered**, the substitution of Jacob Y. Chen, Esq., of DGW Kramer LLP, as counsel of record for Plaintiff in place and stead of Megan K. Thomas, Esq, thus we do not believe Counsel's withdrawal at this time will significantly negatively impact deadlines." (ECF 58-1 at ¶ 4) (emphasis added). The Court did not so order such stipulation on the aforementioned date, or any other date. The stipulation appears on the docket at ECF 47, and is not endorsed or so ordered by the Court anywhere on the docket.

the accuracy of those representations before filing the motion for a remote deposition. (ECF 49).

This information is necessary for the Court to determine whether the inaccurate statements were the product of an innocent mistake, a failure to communicate with the client, or a more serious breach. The Court cannot responsibly adjudicate the substitution motion while material questions remain concerning the circumstances of counsel's representations to the Court.

"An attorney is an officer of the court and owes the court fiduciary duties and loyalty." *Syntel Sterling Best Shores Mauritius Limited v. TriZetto Group,* 328 F.R.D. 100, 118 (S.D.N.Y. 2018). "Moreover, attorneys owe an ethical duty of candor in all of their dealings with the Court." *Id.* (citing *Mason Agency Ltd. v. Eastwind Hellas SA, 2009 WL 3169567*, at *2 (S.D.N.Y. Sept. 29, 2009); *see also ST Shipping and Transport, Inc. v. Golden Fleece Maritime Inc.*, 2008 WL 4178189 (S.D.N.Y. Sept. 9, 2008) ("As officers of the court, attorneys maintain a duty of honesty in all proceedings.") (citing N.Y. Disciplinary Rule 7-102(A)(5); Model Rules of Prof'l Conduct R. 3.3)).

Accordingly, it is hereby **ORDERED** that, no later than close of business on **Friday, October 2, 2026**, Mr. Chen shall file a declaration, under penalty of perjury, addressing the following:

- Each communication, meeting, telephone call, videoconference, email exchange, full text-message exchange, or other interaction with Plaintiff that concerned the factual assertions in the motion for remote deposition, including the date, method of communication, participants, and general subject matter of each communication;

- The factual basis for each material representation in the motion for remote deposition that was later identified as inaccurate or misleading;
- The specific information Mr. Chen possessed when the motion was filed and the steps he took to confirm the accuracy of the motion's factual assertions;
- An explanation of when and how Mr. Chen learned that the statements were inaccurate, what steps he took to correct the record, and why those steps were not taken earlier; and
- A description of any communications with Ms. Thomas or any other attorney regarding the transfer of this case from Ms. Thomas to Mr. Chen.

Mr. Chen shall also submit contemporaneous billings records sufficient to identify the dates, time entries, and general descriptions of services performed in connection with the preparation, filing, and prosecution of the motion for remote deposition. (ECF 49). The submission may be filed under seal and may redact privileged communications, attorney work product, billing rates, and information unrelated to the motion. The records are required solely to assist the Court in determining what work was performed, what factual investigation occurred and when, whether counsel communicated with Plaintiff before filing the motion, and whether the asserted "mistaken recollection" is supported by contemporaneous documentation.

Mr. Chen is ordered to submit the aforementioned records for the associated motion no later than **Friday, October 2, 2026**. Failure to comply with this Order, may result in sanctions under Fed. R. Civ. P. 16, 37, and the Court's inherent authority.

**SO ORDERED.**

*s/ Ona T. Wang*

**Ona T. Wang**
United States Magistrate Judge

Dated: September 25, 2026
New York, New York