**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SETRA YAPPI,

Plaintiff,

-against-

PAYWARD OF NEW YORK, LLC.,

Defendant.

26-CV-256 (JPC) (OTW)

**ORDER**

**ONA T. WANG**, **United States Magistrate Judge**:

The Court is in receipt of Ms. Thomas's timely-filed opposition to Defendant's motion for sanctions (ECF Nos. 89, 90), filed under seal as requested by the Court. (*See* ECF 79).

ECF 89 consists of the "notice of opposition" (ECF 89), attorney affirmation (ECF 89-1), and memorandum of law (ECF 89-2). ECF 89-2 lacked the word count in the "Word Count Certification." (Id.). Ms. Thomas then filed ECF 90 consisting of the corrected memorandum of law *with* the word count. (ECF 90).

In Ms. Thomas's affirmation, she states that copies of her communications with Plaintiff "will be submitted to the Court under seal as Exhibit 2." (ECF 89-1). To date, Ms. Thomas has not filed "Exhibit 2."

Accordingly, Ms. Thomas is directed to file:

1) under seal, the communications referenced in ECF 89-1 as "Exhibit 2;" and

2) public versions of the "notice of opposition"[1], attorney affirmation, and memorandum of law with privileged material redacted.[2]

**SO ORDERED.**

*s/ Ona T. Wang*

Dated: November 19, 2026
New York, New York

**Ona T. Wang**
United States Magistrate Judge

[1] While a "notice of opposition" is most likely unnecessary for the determination of Defendant's motion for sanctions (and hence may not even be a "judicial document"), there is a common law presumptive right of public access and a First Amendment right to access to certain judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).

[2] *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006)